UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMI WALKING BULL, a/k/a<br>JAIME WALKING BULL, a/k/a<br>JAMIE WALKING BULL,<br><br>Defendant. | CR. 19-50067-JLV<br><br><br>ORDER |

A grand jury indicted defendant Jaime Walking Bull for the offense of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket 1). Mr. Walking Bull filed a *pro se* motion to dismiss the indictment on the basis of vagueness, 18 U.S.C. § 921(a)(20), United States v. Dahms, 938 F.2d 131 (9th Cir. 1991) and for the indictment's failure to comply with the mandate of Rehaif v. United States.[1] (Dockets 29, 30 & 36). Mr. Walking Bull claims at the time he "was arrested [he] did not know [he] was a prohibited person, furthermore the Indictment is vague as it does not inform [sic] why [he is] a prohibited person in violation of 922(g)." (Docket 30). The government filed a legal memorandum in opposition to defendant's motions. (Docket 34).

---

[1]In Rehaif, the Supreme Court held the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm" under 18 U.S.C. § 922(g). Rehaif, ____ U.S. ____, 139 S. Ct. 2191, 2200 (2019).

Ordinarily, because the defendant is represented by counsel, the court would require that all motions must be made through his attorney.   See United States v. Stanko, 491 F.3d 408, 411 n.2 (8th Cir. 2007) (The court declines to address *pro se* motions when defendant is represented by counsel); United States v. Peck, 161 F.3d 1171, 1174 n.2 (8th Cir. 1998) (It is not the court's "practice to consider pro se briefs filed by parties represented by counsel").   However, during an *ex parte* hearing with Mr. Walking Bull and his attorney, Assistant Federal Public Defender Thomas Diggins, the court was advised Attorney Diggins joined in his client's motion but would not be filing any supplemental briefing.   The court ruled an exception to the general rule would be made and the defendant's *pro se* motions would be resolved.

The indictment failed to comply with Rehaif and allege Mr. Walking Bull knew he was a prohibited person because of a previous conviction of a crime punishable by imprisonment for a term exceeding one year.   (Docket 1).   That is, the indictment failed to allege Mr. Walking Bull knew he was a convicted felon.

The defect was corrected in a superseding indictment filed on August 20, 2019.   (Docket 33).   The superseding indictment alleges both that Mr. Walking Bull had "been convicted of a crime punishable by imprisonment for a term exceeding one year, and then knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year," possessed a

firearm. (Docket 33). These allegations comport with <u>Rehaif</u>. <u>Rehaif</u>, 139 S. Ct. at 2220.

Following the filing of the superseding indictment, Mr. Walking Bull filed a pro se motion to dismiss the superseding indictment and his reply to the government's objection. (Docket 37). Mr. Walking Bull alleges the indictment, and now the superseding indictment, fail to comply with 18 U.S.C. § 921(a)(20). <u>Id.</u> at p. 2. Section 921(a)(20) specifically excludes from consideration as a "crime punishable by imprisonment for a term exceeding one year . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or . . . any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. §§ 921(a)(20)(A) and (B). Mr. Walking Bull asserts he qualifies under that section because his underlying conviction for possession of a controlled substance was a "suspended imposition of sentence . . . [with] 3 years probation." (Docket 37 at p. 3). The government represents Mr. Walking Bull's underlying conviction is for "felony possession of a controlled substance." (Docket 34 at p. 4). That conviction would not qualify as an exception under § 921(a)(20).

Defendant alleges the indictment, and by inference the superseding indictment, must be dismissed on the basis of <u>Dahms</u>. (Docket 29). The court in <u>Dahms</u> held that a "federal felon-in-possession statute does not apply

to a former felon who possesses a firearm he is allowed to possess under state law." United States v. Qualls, 172 F.3d 1136, 1138 (9th Cir. 1999). The rule of Dahms was abrogated by Caron v. United States, 524 U.S. 308 (1998). "As to the possession of weapons . . . , the Federal Government has an interest in a single, national, protective policy, broader than required by state law. [Caron's] approach would undermine this protective purpose." Id. at 316. The *en banc* court in Qualls acknowledged the binding authority of the Supreme Court. "We recognize today Caron's binding interpretation of the federal felon-in-possession statute[.]" Qualls, 172 F.3d at 1138. Mr. Walking Bull's argument is without merit.

Mr. Walking Bull's final argument is the superseding indictment is vague as it "does not provide essential elements and facts" to permit him to "prepare a defense . . . [assert] double jeopardy in a subsequent prosecution . . . [and] be tried only upon [the] charges found by a grand jury." (Docket 37 at p. 3).

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). When, as in the case here, the interpretation of a statute does not implicate First Amendment rights, the court assesses the statute for vagueness only "as applied," that is, "in light of the specific facts of the case at hand and not with regard to the statute's facial

validity." United States v. Rybicki, 354 F.3d 124, 129 (2d Cir. 2003) (citation and internal quotation marks omitted). "[O]ne whose conduct is clearly proscribed by the statute cannot successfully challenge it for vagueness." Id. (citation and internal quotation marks omitted); see also Woodis v. Westark Cmt'y Coll., 160 F.3d 435, 439 (8th Cir. 1998) (finding party cannot maintain a vagueness claim if he engaged in conduct clearly proscribed by the challenged statute).

If the court accepts as true the allegations in the superseding indictment as it must, it is clear Mr. Walking Bull engaged in conduct proscribed by § 922(g)(1). See Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952) (in reviewing a motion to dismiss, the court must accept as true allegations within the indictment). The court finds § 922(g)(1) "contains a clear and readily comprehensible statement of sufficient definiteness to allow an ordinary person to understand the conduct it forbids and that the language of [§ 922(g)(1)] does not lend itself to arbitrary or discriminatory enforcement." United States v. Nichols, 928 F. Supp. 302, 317 (S.D. N.Y. 1996); see also United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988) ("An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution.").

Based on the above analysis, it is

ORDERED that defendant's motions to dismiss (Dockets 29, 30 & 37) are denied.

5

IT IS FURTHER ORDERED that Mr. Walking Bull shall not be permitted to file any further *pro se* motions.   All further motions on behalf of Mr. Walking Bull must be filed through his attorney.

IT IS FURTHER ORDERED that a scheduling order shall issue.

Dated September 9, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE